UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JACKSON,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Case No. 1:25-cv-116

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff. For the reasons discussed below, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

### I. Plaintiff's complaint and related filings

Plaintiff's complaint appears to seek injunctive relief and damages based on his status as a "moorish-american" and his rights under a treaty. Plaintiff set forth the following allegations (in his words):

> i, jeffery jackson El, proclaim & assert my nationality, in which is moorish-american, and not united states nationality in which has been unlawfully conferred upon pursuant to article 20 of the treat of peace and friendship with united states and the Moorish empire i assert all protections and soveriegnties recognized by this treaty. i further reject all unlawful usage of the federal reserve act in regards to past & present federal and state debts. i also assert the claim for reparations in regards to the freedman bureau act, in which is law.
>
> relief requested: injunctive relief to assert all protections afforded by article 20 of the treaty of peace and friendship with the united states and the moroccan (Moorish) empire, in which is supreme law of the land, and applies to all moors within any territory.

Compl. (ECF No. 1, PageID.1).

In a related filing entitled "motion to compel recognition of treaty based jurisdiction" (ECF No. 5), plaintiff asserts that he is entitled to special treatment under the treaty and that certain constitutional provisions and laws do not apply to him (in his words):

> comes now, jeffery jackson EL, a moorish-american, asserting absolute expressed standing under the treaty of peace and friendship, 1836, between the united states and the moroccan empire. this treaty, as affirmed by the supremacy clause (article VI, clause 2, united states constitution), constitutes the supreme law of the land, establishing that only the treaty and laws conforming to it govern my legal status.
>
> as such, the 14th amendment does not apply to me, a moorish american, as it, the 14th amendment solely upholds and doesn't add to the naturalization act, nor has united states lawfully conferred such status upon me. any attempt to apply the 14th amendment, the naturalization act, or any other united states statute inconsistent with the treaty of peace and friendship is unlawful, void, and in violation of due process and constitutional law. wherefore, the plaintiff respectfully that this honorable court:
>
> 1. formally recognize the treaty of peace and friendship, 1836, as the governing law over my status and legal protections.
>
> 2. acknowledge that any conflicting united states statutes not including but not limited to the 14th amendment and the naturilization act, do not apply to this matter.
>
> 3. issue a ruling confirming the exclusive jurisdiction established by the treat.

Motion at PageID.10.

In another related filing entitled "Plaintiff' motion to amend nature of suit classification" (ECF No. 8), plaintiff contends that this lawsuit does not involve a civil rights claim, noting the classification of the "Nature of Suit" is incorrectly "440 Civil Rights: Other." Rather, plaintiff contends that the Nature of Suit should be re-classified as "890 Other Statutory Actions" because it involves claims brought under a treaty:

> Plaintiff's complaint seeks recognition of treaty-based jurisdiction under the Treaty of Peace and Friendship, asserting that the United States is bound by international obligations enforceable under domestic law.

2

Motion at PageID.15.

## II. Discussion

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Applying these rules of construction, the Court concludes that plaintiff's complaint fails to establish subject matter jurisdiction in this Court. Plaintiff's contention that he is a "moorish-american" citizen and subject to special treaty rights between the United States and the "morrocan (Moorish) empire" is patently frivolous and grounds for dismissal for lack of jurisdiction. *See Abdullah v. Morton*, No. 1:16-cv-1292, 2017 WL 2387833 at *2 (W.D. Mich. April 13, 2017), *R&R adopted*, 2017 WL 2378818 (W.D. Mich. June 1, 2017) ("Irrespective of the other defects in the petition/complaint, plaintiff's contention that he is a Moorish citizen subject to treaty rights between the United States and the Moroccan Empire is patently frivolous and grounds for dismissal for lack of jurisdiction."); *Idrissa El ex rel. Brewton v. Beal*, No. 1:14-CV-

96-FDW, 2014 WL 2812786 at *2 (W.D.N.C. June 23, 2014) ("Plaintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous."). *See also, El Bey v. Centralia Police Department*, No. 13-CV-313-JPG, 2013 WL 1788514 at *3 (S.D. Ill. April 26, 2013) ("Plaintiff is free to call himself a Moorish American National, or any other description that suits him. However, he is subject to state and federal laws, just like any other person regardless of citizenship. This Court joins the opinions cited above in rejecting Plaintiff's contention that he is not subject to Illinois laws or the jurisdiction of the Circuit Court where, it appears, his misdemeanor prosecution is still pending."); *Pitt-Bey v. D.C.*, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting argument that appellant convicted of disobeying the lawful order of a police officer had "immunity from prosecution under the Moroccan-American Treaty of Peace and Friendship, ratified by President Andrew Jackson on January 28, 1837").

In summary, the allegations set forth in plaintiff's complaint fail to establish subject matter jurisdiction in this Court because they are totally implausible, unsubstantial, frivolous, devoid of merit, and no longer open to discussion. *See Apple*, 183 F.3d at 479. Accordingly, this action should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  February 13, 2025            /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).