UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY JACKSON,<br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | No. 1:25-cv-116<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff's objection to Judge Kent's report and recommendation. (ECF No. 13). The report and recommendation indicated that dismissal was appropriate because Plaintiff's complaint is frivolous and fails to state a claim. (ECF No. 9) This court agrees and will adopt the report and recommendation over Plaintiff's objection.

### I.

Plaintiff, Jeffrey Jackson, proceeds pro se. The report and recommendation ("R&R") summarized the complaint. Plaintiff does not allege that the court misconstrued any facts. Accordingly, this court will adopt the facts as recited in the R&R. In short, Plaintiff's complaint seemingly requests injunctive relief and damages based on his "moorish-american" status and a "treaty of peace and friendship." (ECF No. 1 at PageID.10).

### II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

1

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### III.

Plaintiff raises timely objections to the R&R. Each is addressed in turn. All lack merit as they are not specific or entitled to a de novo review. *Mira*, 806 F.2d at 637.

Plaintiff asserts that the R&R "failed to rule on jurisdiction before recommending dismissal." (ECF No. 13 at PageID.36). That is untrue. The R&R recited the standard for subject matter jurisdiction, reviewed the complaint, and determined that this court lacks jurisdiction. (ECF No. 9 at PageID.21). And this court agrees. Plaintiff's complaint fails to state a viable cause of action. Plaintiff's "legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (discussing meritless cases like Plaintiff's). The R&R ruled directly on jurisdiction and found none.

Second, Plaintiff objects because he has allegedly started an investigation into Judge Kent with the Department of Justice. Accordingly, Plaintiff argues that Judge Kent must recuse himself. This matter was not discussed in the R&R, so it is not a proper objection. Additionally, Judge Kent denied Plaintiff's motion to recuse himself because it too lacked merit. (ECF No. 14). Plaintiff states that the court must take judicial notice of the investigation, but he failed to supply the court with sufficient evidence that he made a

2

complaint or that there is an active investigation. Federal rules of evidence require courts to take judicial notice when the "court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Plaintiff merely provides a tracking number, which this court cannot verify.

Finally, Plaintiff's remaining allegations are underdeveloped and are indecipherable. Plaintiff's filing—like his complaint—is frivolous. An "unrepresented party" can be sanctioned for presenting arguments for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Plaintiff should refrain from filing frivolous motions with this court.

## IV.

The court has reviewed the report and recommendation. Plaintiff has failed to demonstrate any legal or factual error in the report and recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 9) is **ADOPTED** by the court. Plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 13) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  February 28, 2025                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge